**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| RICKEY WHITE, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | CASE NO. 4:09-CV-45 (CDL) |
| | * | |
| RANDALL WORKMAN, Warden, | * | 28 U.S.C. § 2254 |
| | * | Habeas Corpus Petition |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

Petitioner White, an Oklahoma state inmate, filed the instant *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, which is before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Proceedings For The United States District Courts. After preliminary examination, it appears that Petitioner's Application for Federal Writ of Habeas Corpus is subject to summary dismissal. Petitioner is presently incarcerated at the Oklahoma State Prison (OSP) in McAlester, Oklahoma. Petitioner seeks to challenge a 1981 Oklahoma state murder conviction for which he was sentenced to life imprisonment. *See White v. State*, 702 P.2d 1058 (Okla. Crim. App. 1985) (affirming conviction and sentence). During the past twenty-five years, Petitioner has unsuccessfully challenged his conviction in state and federal court post-conviction proceedings. *In re Rickey White*, No. 09-6019 (10th Cir. Feb. 18, 2009) (summarizing Petitioner's prior cases). Most recently, the Tenth Circuit Court of Appeals denied him leave to file a second or successive habeas petition. *Id.* In the current petition, he requests this

court to take jurisdiction over his petition because the Oklahoma state courts have a "personal bias [and] prejudice against the Petitioner's case." (R-1). He also requests an extension of twenty-five days to submit a brief in support. *Id.*

The filing of a habeas corpus petition by an out-of-state prisoner, challenging an out-of-state conviction, requires the court to examine *sua sponte* whether it lacks jurisdiction for improper venue over the action. *See* Fed. R. Civ. P. 12(h)(3) (stating that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action"). A state prisoner may seek federal habeas relief "either in the district where he is confined or the district where the sentencing court is located." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123 (1973). Because the conviction under attack arose in the Eastern District of Oklahoma, where Petitioner is presently confined, venue in the Middle District of Georgia is improper, and this court lacks jurisdiction over the petition in this case. Since the Tenth Circuit Court of Appeals recently denied Petitioner leave to file a second or successive habeas petition, this court need not consider whether it would be proper to transfer this case to the Eastern District of Oklahoma, where Petitioner was convicted and where he is presently confined. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED** for want of jurisdiction in this court. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED, this 4th day of May, 2009.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw